J-S19011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNATHON J. IVEY, | |
| Appellant | No. 2341 EDA 2015 |

Appeal from the PCRA Order Entered July 21, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002864-2010

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 16, 2016**

Appellant, Johnathon J. Ivey, appeals *pro se* from the post-conviction court's July 21, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are unnecessary to our disposition of his appeal.  The PCRA court summarized the procedural history of his case, as follows:

> On February 15, 2011, Appellant pled guilty to one count of robbery and one count of conspiracy.  He was sentenced that day to serve a term of imprisonment of five to ten years. Appellant did not appeal from his judgment of sentence[;] rather, on March 11, 2011, he filed a petition under the [PCRA]. We appointed him PCRA counsel, who subsequently sought to withdraw his representation after finding no merit to Appellant's claims.  After our independent review of the file and the record revealed that Appellant was entitled to no PCRA relief, we dismissed his petition on July 20, 2011.  Appellant did not appeal that order to the Superior Court.

Appellant filed[, *pro se*,] his second PCRA petition on May 26, 2015. We reviewed the petition, found that it was untimely, and on June 23, 2015, provided to [Appellant] the mandatory twenty-day notice of our intent to dismiss his petition [pursuant to Pa.R.Crim.P. 907]. Although Appellant responded to this notice, his response established entitlement to no exception to the PCRA's timeliness requirement, and we dismissed his petition on July 21, 2015.

PCRA Court Opinion (PCO), 9/1/15, at 1-2.

Appellant filed a timely, *pro se* notice of appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. The court subsequently issued a Rule 1925(a) opinion. Herein, Appellant presents three issues for our review:

1) Whether the [PCRA] [c]ourt was in error to dismiss [Appellant's] PCRA [petition] as untimely? Specifically, in light of the ruling by the Superior Court in **Commonwealth v. Valentine**[, 101 A.3d 801 (Pa. Super. 2014),] that makes imposition of a mandatory minimum sentence of 5 to 10 years pursuant to 42 Pa.C.S.A. §[]9712, unconstitutional. Did the [PCRA] [c]ourt err in it's [*sic*] determination that this "**Alleyne**"[1] violation is not applicable retroactively to collateral review cases?

2) Whether the [PCRA] [c]ourts [*sic*] determination that [Appellant] is not entitled to relief for the unconstitutional sentence is in error? Specifically, as the statute that [Appellant] is being held in custody for has been ruled unconstitutional in it's [*sic*] entirety, does this not then render [Appellant's] sentence unconstitutional, and require [Appellant] to be re-sentenced under a lawful and constitutionally sound statute?

3) Whether it was error to not reinstate [Appellant's] direct appeal rights *nunc pro tunc*, so as to allow [Appellant] the mechanism to challenge the constitutionality of [Appellant's] sentence? Specifically, as [Appellant's] sentence is "a

---

[1] **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

mandatory minimum sentence because of the gun['s] being used in the robbery, even though it wasn't a regular firearm" and [Appellant] is held in custody by virtue of an unconstitutional statute, namely 42 Pa.C.S.A. §[]9712[?]

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, because Appellant did not file a direct appeal, his judgment of sentence became final on March 17, 2011, thirty days after the imposition of his sentence. **See** 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, Appellant had until March 17, 2012, to file a timely PCRA petition, making his instant petition, filed on May 26, 2015, facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant avers he satisfies the exception of section 9545(b)(1)(iii) based on **Alleyne** and this Court's decision in **Valentine**. He also contends that his mandatory minimum sentence is illegal under **Valentine**, and we must correct that sentence, or reinstate his direct appeal rights *nunc pro tunc*, "to allow justice to be served." Appellant's Brief at 8. For the following reasons, we disagree with each of these assertions.

Preliminarily, the fact that Appellant's issue implicates the legality of his sentence does not automatically entitle him to review; instead, he must first demonstrate the applicability of a timeliness exception to invoke this Court's jurisdiction. We explained this point in *Commonwealth v. Miller*, 102 A.2d 988 (Pa. Super. 2014):

> We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc* ) (stating, "a challenge to a sentence premised upon *Alleyne* likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" *Commonwealth v. Orellana*, 86 A.3d 877, 883 n. 7 (Pa. Super. 2014) (citation omitted). **However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*,** 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [*Commonwealth v.*] *Seskey*[, 86 A.3d 237, 242 (Pa. Super. 2014)].

*Id.* at 995 (emphasis added).

Appellant first fails to prove the applicability of a timeliness exception because his May 26, 2015 petition was not filed within 60 days of the filing of either *Alleyne* (decided on June 17, 2013) or *Valentine* (decided on October 3, 2014). Consequently, we could affirm the PCRA court's denial of Appellant's petition on this basis alone. *See* 42 Pa.C.S. § 9545(b)(2)

(mandating that any petition attempting to invoke a timeliness exception "**shall** be filed within 60 days of the date the claim could have been presented") (emphasis added).

Nevertheless, Appellant is also unable to demonstrate the applicability of the timeliness exception he pleads, section 9545(b)(1)(iii).

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Seskey*, 86 A.3d at 242-43 (quoting ***Commonwealth v. Copenhefer***, 941 A.2d 646, 649–50 (Pa. 2007)).

In *Alleyne*, the United States Supreme Court held that any fact that triggers application of a mandatory minimum sentence must be determined by the fact-finder beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2162-2163. Since the High Court's decision in *Alleyne*, various mandatory minimum sentencing statutes in this Commonwealth have been declared unconstitutional. *See, i.e., Newman*, 99 A.3d at 103 (holding that under *Alleyne*, the mandatory minimum sentencing statute set forth in 42 Pa.C.S. § 9712.1 is unconstitutional). In *Valentine*, this Court held that 42 Pa.C.S.

§ 9712 - the mandatory minimum sentencing statute under which Appellant's sentence was imposed - is unconstitutional in its entirety pursuant to **Alleyne** and **Newman**.  **Valentine**, 101 A.3d at 812.

However, in **Miller**, this Court rejected the untimely petitioner's argument that **Alleyne** satisfies section 9545(b)(1)(iii), stating:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.  This is fatal to Appellant's argument regarding the PCRA time-bar.  This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), appeal denied, 615 Pa. 784, 42 A.3d 1059 (2012), citing* **Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001);* **see also, e.g., Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

**Miller**, 102 A.2d at 995.

Based on our decision in **Miller**, it is clear that Appellant's reliance on **Alleyne** cannot satisfy the timeliness exception of section 9545(b)(1)(iii). Additionally, **Valentine** does not meet that exception, as it did not announce a 'new constitutional right,' nor hold that **Alleyne** applies retroactively. Because Appellant has not demonstrated that section 9545(b)(1)(iii) applies

to his case, we are without jurisdiction to correct his illegal sentence. **See Miller, supra**. We also note that we are without jurisdiction to reinstate Appellant's direct appeal rights *nunc pro tunc*, as he requests. **See** Appellant's Brief at 8. Accordingly, we conclude that the PCRA court did not err in denying Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016